CENTER FOR DISABILITY ACCESS
Amanda Seabock, Esq., SBN 289900
Dennis Price, Esq., SBN 279082
Elliott Montgomery, Esq., SBN 279451
100 Pine St., Ste 1250
San Francisco, CA 94111
(858) 375-7385; (888) 422-5191 fax
ElliottM@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, | Case No. 3:22-cv-01132-VC |
| Plaintiff, | **Plaintiff's Brief Regarding Supplemental Jurisdiction** |
| v. | |
| **Fred J. Melnikoff,** in individual and representative capacity as trustee of the Melnikoff Revocable Trust Dated September 15, 2011; **Marcia M. Melnikoff,** in individual and representative capacity as trustee of the Melnikoff Revocable Trust Dated September 15, 2011; **Maria Antonieta McQueen** | Hon. Judge Vince Chhabria |
| Defendants. | |

## I. Introduction

The Americans with Disabilities Act ("ADA") was a landmark piece of legislation, heralded as a last step in the promise of equality made by the Civil Rights Acts of the 1960s.[1] That law provided plaintiffs an opportunity to seek injunctive relief as well as attorney's fees against non-complying businesses, but declined to create any public enforcement agency, instead relying on private enforcement. The law explicitly waived any preemption of state remedies, inviting states to enact additional penalties to aggrieved plaintiffs.[2] California amended the Unruh Civil Rights Act ("Unruh") to make any violation of a right under the ADA a violation of Unruh.[3]

## II. Dismissing Plaintiff's Unruh Claim Will Only Serve to Duplicate Litigation and Risk Inconsistent Rulings.

In *Arroyo v. Rosas*, the Ninth Circuit acknowledged that in some circumstances it may be permissible to dismiss state claims early in a case when principles of comity are implicated. *Arroyo v. Rosas,* 19 F.4th 1202 (9th Cir. 2021). The context in case was an ADA/Unruh claim in the Central District of California case, which is governed by fundamentally different procedures than those in the Northern District. This is a critical distinction. The Ninth Circuit did not advise that every Unruh claim should be bifurcated, and in fact the court reversed the dismissal in that matter. This is to be determined on a case-by-case basis and should take into consideration the protections afforded to the defendants in the particular case.

In the Northern District of California, ADA claims are governed by General Order 56. This protocol explicitly anticipates the presence of a state

---

[1] Prematurely, given Bostock v. Clayton County, 139 S. Ct. 1599 (2020).
[2] Jankey v. Lee, 55 Cal. 4th 1038, 1049 (2012).
[3] Cal. Civ. Code § 51(f)

1

Response: Unruh Jurisdiction                                    Case. No.: 3:22-cv-01132-VC

law damages claim and encourages resolution of the ADA injunctive relief before moving to later portions of the case. Discovery and virtually all motion practice is stayed, preventing a plaintiff from obtaining a judgment on the merits for as much as a year. Dismissing these claims, which are afforded substantial protections in the Northern District of California, creates significant due process concerns for ADA plaintiffs. This system is anticipated to create an efficient and holistic resolution system prior to setting the matter for trial. But if Northern District courts begin systematically dismissing the state law claims while implementing a stay on the federal claims, it becomes functionally impossible for a plaintiff to ever obtain a decision on the merits due to the relative ease with which a defendant can simply claim mootness and evade the consequences of breaking a 30-year-old law. *See Buckhannon v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 608-09 (2001) (recognizing that damages claims preserve a plaintiff's ability to evade "mischievous" mootness tactics.)

Shortly after *Rosas* was decided, Judge Orrick of this district rejected the invitation to bifurcate the claims at the motion to dismiss stage, recognizing that this is a permissive and discretionary tool, not a required one. *Garcia v. Chung Enterprise, L.P.*, 3:21-cv-05088-WHO (N.D. Cal., December 14, 2021). There, the court found:

> Every factor except comity squarely favors retaining jurisdiction. It is significantly more efficient, economical, and convenient to litigate the case in one forum rather than two. It is also fairer, as it permits both parties to settle all of their issues without denying either of them a forum. This is all the truer because the two claims here are entirely duplicative of one another.[4]

---

[4] Garcia v. Chung Enterprise, L.P., 3:21-cv-05088-WHO (N.D. Cal., December 14, 2021) at 10:19-22.

2

Response: Unruh Jurisdiction                Case. No.: 3:22-cv-01132-VC

The reason for such a determination is obvious: A violation of the ADA is a violation of Unruh.[5] Declining supplemental jurisdiction over Plaintiff's state claim, which is defined by his federal claim, would require Plaintiff to litigate the two parallel claims in separate court systems, causing both sides to incur unnecessary and duplicative fees and costs. As prevailing plaintiffs have claims to attorney fees under both the ADA and Unruh,[6] it would also greatly increase Defendants' exposure as, even with parallel cases, there will be some work that must be done to account for the different forums. Further, it would leave open the unjust possibility of one court finding a violation of the ADA and the other not. Thus, declining supplemental jurisdiction would not further the factors underlying the "compelling-reasons" test.

**III.   Under General Order 56, the Comity Interest is Diminished.**

To analyze the comity interest in declining jurisdiction over Plaintiff's Unruh claim, we turn to the state's procedural safeguards. A review of these protections safeguards makes it clear that they are satisfied here.

The several rounds of amendments to California law over the last ten years have resulted in both substantive changes to the laws that protect persons with disabilities and changes to the procedures in how claims of discrimination are pursued. None of the substantive changes, e.g., the availability for reduction) of damages are impacted by a court exercising supplemental jurisdiction because when federal courts consider claims under state law, as *Erie* directs, the courts apply federal procedural law and state substantive law. To the extent a federal defendant is entitled to reduced, or zero, damages, they retain those protections.

---

[5] Cal. Civ. Code § 51(f).
[6] 42 U.S.C. § 12205, Cal. Civ. Code 52(a).

3

Response: Unruh Jurisdiction                    Case. No.: 3:22-cv-01132-VC

Essentially no state court procedural safeguards are implicated if the Court declines supplemental jurisdiction. Under state law, the following procedures apply:

- The complaint must be verified,[7] and it must have information identifying the barriers encountered, the way in which it affected the plaintiff, the dates and purpose of the visit,[8] inform the defendant whether the plaintiff is a high-frequency litigant,[9] and the attorney signing the complaint is subject to, essentially, a Rule 11 standard that the claims alleged are warranted by existing law.[10]
- A set of written advisories must be served along with the complaint,[11]
- A defendant has the option to request a court stay and early evaluation conference in the proceedings before having to file a responsive pleading;[12]
- If a defendant applies for the stay and early evaluation conference, the plaintiff must provide an itemized list of specific conditions on the premises that form the basis of the complaint, and the amount of damages claimed and the demand for settlement.[13]

The California procedural scheme is designed to do several things: First, it gives defendants access to a lot of information early so that they can

---

[7] Cal. Code of Civ. Proc. § 425.50(b).
[8] Cal. Code of Civ. Proc. § 425.50(a).
[9] Cal. Code of Civ. Proc. § 425.50(a).
[10] Cal. Code of Civ. Proc. § 425.50(b).
[11] Cal. Civ. Code § 55.3(b) & Cal. Civ. Code § 55.54(a).
[12] Cal. Civ. Code § 55.54(b)..
[13] Cal. Civ. Code § 55.54(d)(6)..

4

Response: Unruh Jurisdiction                                    Case. No.: 3:22-cv-01132-VC

understand the case and their rights; second, it lets defendants stay litigation so that costs and fees are not being run up and it forces the parties to an early mediation or evaluation; and finally, it forces plaintiffs and their counsel to demonstrate that the case has merit.

Almost every federal district in California has a version of this approach, including this one. Here in the Northern District, we have General Order 56, which automatically stays the case with the exception of service of initial disclosures, and orders a joint site inspection and mediation. Thus, irrespective of the forum, Defendants can stay litigation from the outset, participate in early mediation, and find out everything about the case and claims without the need to conduct discovery. Defendants have not been denied procedural or substantive protections by filing in Federal court.

### IV.   Nor Does the Increased State Filing Fee Justify Declining Jurisdiction.

Beyond those procedural protections above, the difference between state and federal filings are the fees. The purpose of AB 1521, signed into law on October 10, 2015, was not to create limitations or enact restrictions on the filing of Unruh claims but to make sure that court services were available to all petitioners in an effective manner. The California Legislature declared when passing these amendments that: "Protection of the civil rights of persons with disabilities is of the utmost importance to this state, and *private enforcement is the essential means of achieving that goal*, as the law has been designed."[14] Nonetheless, the Legislature was concerned with a particular practice of some plaintiffs where they seek "quick cash settlements rather than correction of the

---

[14] Cal. Civ. Proc. § 425.55(a)(1) (emphasis added).

5

Response: Unruh Jurisdiction                           Case. No.: 3:22-cv-01132-VC

accessibility violation"[15] as well as the administrative burdens on the court from high volume of filings.

Thus, a plaintiff that qualifies as a high-frequency litigant is not restricted from filing cases but is required to pay a "single high-frequency litigant fee to the clerk" of $1,000.[16] And the California Legislature stated the purpose of this additional fee requirement: "In order to ensure that the courts are not overburdened and are able to provide access to the judicial system for all persons seeking redress of their construction-related accessibility claims."[17]

The irony here is that the district court would be invoking this statute *to create* an additional, duplicated, unnecessary filing in California court, *i.e.,* to add to the burdens on the state court system by forcing Plaintiff to file—and a state superior court—to oversee, an additional redundant lawsuit where the essential facts and legal decisions are being determined in parallel. None of California's purposed concerns over high-frequency litigants would be served this decision. One might theorize that California would be thrilled to know that the resources and competence of the federal judiciary are handling the high-volume of ADA/Unruh cases, rather than that cost being absorbed by the California courts, given that the express purpose of the high-frequency litigant designation and additional filing fee is "to ensure that the [California] courts are not overburdened."[18]

A suggestion has been made that the $1,000 fee is intended to deter litigation. To the extent this interpretation is persuasive on the Court, it must be rejected as an unconstitutional limitation on the right to petition. However, this interpretation should not prove persuasive to the Court in any fashion, as it is

---

[15] Cal. Civ. Proc. § 425.55(a)(2).
[16] Cal. Gov't Code § 70616.5.
[17] California Assembly Bill No. 1521, A.B. 1521 (Cal. 2015), section 11 (uncodified).
[18] Id.

6

Response: Unruh Jurisdiction                               Case. No.: 3:22-cv-01132-VC

illogical as applied to *legitimate claims*. Unruh plaintiffs are entitled to recovery of all fees and costs associated with their suits. This fee is simply passed onto the defendants.

## V.  Conclusion

Declining supplemental jurisdiction will necessarily create a duplicate lawsuit being litigated in parallel to the surviving ADA claim. Additionally, the comity interests justifying such actions are questionable, considering the protections in place due to General Order 56 are akin to those of California's high frequency litigant statute. Based on the above, Plaintiff requests the Court not dismiss his Unruh Act claim.

Dated: May 10, 2022                           CENTER FOR DISABILITY ACCESS

                                              By: /s/ Elliott Montgomery
                                              Elliott Montgomery
                                              Attorneys for Plaintiff

7

Response: Unruh Jurisdiction                               Case. No.: 3:22-cv-01132-VC